IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANTHONY L. VIOLA, | Case No. 1:19-cv-47 |
| Petitioner | |
| v. | UNITED STATES MAGISTRATE JUDGE RICHARD A. LANZILLO |
| WARDEN OF FCI MCKEAN, | |
| Respondent | MEMORANDUM OPINION AND ORDER |

I. Introduction

Presently pending is a petition for writ of habeas corpus filed by pro se Petitioner Anthony L. Viola (Petitioner) pursuant to 28 U.S.C. § 2241. ECF No. 3. For the following reasons, Petitioner's § 2241 petition must be dismissed for lack of jurisdiction.[1]

II. Background

On April 1, 2011, a jury in the Northern District of Ohio convicted Petitioner of thirty-three counts of wire fraud and two counts of conspiracy. ECF No. 11-3. On January 5, 2012, the United States District Court for the Northern District of Ohio (the "sentencing court") sentenced Petitioner to a 150-month term of imprisonment and ordered him to pay over $2.6 million in restitution. ECF No. 11-2.

In the meantime, Petitioner was tried in the Cuyahoga County Court of Common Pleas on state charges of mortgage fraud. *See Viola v. Zuniga*, 1:17-cv-214 (W.D. Pa. Mar. 9, 2018), at ECF No. 13, p. 2. Petitioner was acquitted of those charges. *Id.*

---

[1] The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge to conduct all proceedings in this case, including the entry of final judgment, as authorized by 28 U.S.C. § 636.

1

Following his federal conviction, Petitioner filed a host of appeals, motions, and Motions to Vacate pursuant to 28 U.S.C. § 2255 with both the sentencing court and the Sixth Circuit Court of Appeals.  *See* ECF No. 11-3.  *See also United States v. Viola*, 1:08-cr-506-DCN-6 (N.D. Oh.), at ECF Nos. 366, 369, 380, 388, 415, 434-36, 442, 445, 451, 454-57, 463, 467, 470, 474, 487-92, 495, 500-01, 507-10, 512-16, 520-22, 524-25, 527, 28, 530-34, 536, 539).  After addressing and rejecting each of Petitioner's arguments on the merits, *see id*. at ECF Nos. 411 420, 440, 441, 453, 458, 459, 460, 466, 473-74, 485, 496, 504, 511, 519, 526, 535, the sentencing court issued an order permanently enjoining Petitioner from "filing any further motions or other documents pertaining to his conviction and sentence in this criminal action unless and until he has received permission from the Sixth Circuit to file a second or successive petition under 28 U.S.C. § 2255."  *Id*. at ECF No. 541.

On August 9, 2017, Petitioner filed his first Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.  *See Viola v. Zuniga*, 1:17-cv-214 (W.D. Pa. 2017).  In that petition, Petitioner challenged both the validity of his underlying conviction and his restitution order.  *Id*. at ECF No. 13, p. 5.  On March 28, 2018, United States District Judge Nora Barry Fischer adopted the Report and Recommendation of then-United States Magistrate Judge Susan Paradise Baxter and dismissed each of Petitioner's claims for lack of jurisdiction.  *Id*. at ECF No. 15.

Petitioner filed a Notice of Appeal to the Court of Appeals for the Third Circuit on April 4, 2018, raising two arguments.  *Id*. at ECF No. 16.  First, he maintained that "after being convicted in federal court, he was acquitted of identical charges in state court" which "demonstrated his actual innocence" of the federal crimes.  *Viola v. Warden McKean FCI*, 753 Fed. Appx. 122, 123 (3d Cir. 2019).  Second, Petitioner alleged that his sentence was being improperly executed "because restitution is being paid to 'non-victims.'"  *Id*.

The Court of Appeals reviewed and rejected each of Petitioner's arguments.  As to Petitioner's actual innocence claim, the Court noted that Petitioner had unsuccessfully raised the same argument with the trial court on several occasions and that Petitioner had not identified any "intervening change in any substantive law which would render [his] wire fraud no longer criminal," as would be necessary to challenge his conviction under § 2241.  *Id*.  With respect to the restitution portion of his sentence, the Court held that this claim was not cognizable, noting that "a § 2241 petition cannot be used to challenge the *imposition* of the restitution portion of a sentence."  *Id*. (emphasis in original) (citing *Arnaiz v. Warden*, 594 F.3d 1326, 1330 (11th Cir. 2010)).

The instant petition for writ of habeas corpus,[2] filed pursuant to 28 U.S.C. § 2241, reasserts the same two arguments that the Third Circuit rejected in Petitioner's first § 2241 petition.  In his first ground for relief, Petitioner again contends that the government is improperly distributing his restitution payments to "non-victims" and failing to credit payments made by his co-defendants towards his restitution obligation, despite that said co-defendants were "jointly and severally liable for restitution."  ECF No. 3 at 11.  In his second ground for relief. Petitioner maintains that his federal conviction should be overturned because he "proved his innocence at a second trial [in state court] on the same charges at issue in federal court."  *Id*. at 11-12.

---

[2] Under § 2241, district courts have authority to grant habeas corpus "within their respective jurisdictions." Petitioner is confined at FCI McKean, which is located within the territorial boundaries of the Western District of Pennsylvania.

III.   Discussion

A. Petitioner's challenge to his restitution payments

Petitioner first asserts that the entity that prosecuted him, the "federal-state Mortgage Fraud Task Force," has been improperly utilizing his restitution payments for "hotel rooms, airline tickets, laptop computers and disburse[ments] to entities and individuals not listed on restitution orders."  ECF No. 3 at 11.  He maintains that the government "is in violation of the restitution statutes" because of these restitution distributions to "non-victims."  *Id*.  He also alleges that "payments made by co-defendants towards restitution concerning the same transactions and same victims have not been credited towards the Petitioner's obligation, despite these individuals being jointly and severally liable for restitution."  *Id*.

As noted above, Petitioner raised these claims in his prior § 2241 petition, alleging that "his sentence [was] being executed improperly because restitution [was] being paid to 'non-victims,'" and that "a codefendant made a payment to the restitution amount for which they are jointly and severally liable but 'that payment does not seem to be credited towards restitution.'"  *Viola*, 753 Fed. Appx. at 123, 123 n. 1.  The Third Circuit squarely rejected each of these arguments:

> While a federal prisoner can use a § 2241 petition to challenge the execution of his sentence, *see Cardona v. Bledsoe*, 681 F.3d 533, 535 (3d Cir. 2012), a § 2241 petition cannot be used to challenge the imposition of the restitution portion of a sentence. *See Arnaiz v. Warden*, 594 F.3d 1326, 1330 (11th Cir. 2010) (per curiam). Viola is not challenging the manner in which he has to pay his financial obligations. *See McGee v. Martinez*, 627 F.3d 933, 937 (3d Cir. 2010) (allowing prisoner to use § 2241 petition to challenge increase in quarterly deduction from his account towards monetary portion of criminal judgment). But even if this claim did concern the execution of Viola's restitution and was cognizable in a § 2241 petition, Viola has not shown how he has been prejudiced.

4

*Id*. at 123. Based on the Court of Appeals' holding, Petitioner's challenges to the imposition of his restitution order are not cognizable in a § 2241 action and must be dismissed.

      B.  Petitioner's challenge to his conviction

Petitioner next contends that his entire conviction should be overturned because he is factually innocent of the underlying crimes, as demonstrated by his successful defense against similar charges in state court in Ohio. It is well-established, however, that § 2241's jurisdiction to hear the petition of a federal prisoner is ordinarily restricted to claims involving "the <u>execution</u> of [a] sentence" rather than "the validity." *Cardona v. Bledsoe*, 681 F.3d 533, 535 (3d Cir. 2012) (internal quotations and citations omitted) (emphasis added); *Woodall v. Federal Bureau of Prisons*, 432 F.3d 235, 243 (3d Cir. 2005) (defining "execution of" the sentence to mean the manner in which it is "put into effect" or "carr[ied] out"). For example, a prisoner may challenge conduct undertaken by the Federal Bureau of Prisons (the "BOP") that affects the duration of his custody, such as the manner in which the BOP is computing his federal sentence or the constitutionality of a BOP disciplinary action that resulted in the loss of good conduct sentencing credits. *See*, *e.g.*, *Barden v. Keohane*, 921 F.2d 476, 478-79 (3d Cir. 1990); *Queen v. Miner*, 530 F.3d 253, 254 n.2 (3d Cir. 2008). A prisoner can also challenge BOP conduct that "conflict[s] with express statements in the applicable sentencing judgment." *Cardona*, 681 F.3d at 536; *Woodall*, 432 F.3d at 243. However, a prisoner may not, except in rare circumstances, raise arguments challenging the <u>validity</u> of an underlying conviction or sentence in a § 2241 petition. The Court of Appeals acknowledged this precise principle in affirming the dismissal of Petitioner's prior § 2241 petition. *See Viola*, 753 Fed. Appx. at 123.

One important statutory exception exists. A petitioner may proceed via § 2241 motion if it "appears that the remedy by [§ 2255 motion] is inadequate or ineffective to test the legality of

his detention." 28 U.S.C. § 2255(e).  This provision, commonly referred to as § 2255's "savings clause," provides a narrow passage through which a § 2241 petitioner might steer a claim of actual innocence, albeit in "rare circumstances."  *Delgado v. Zickefoos*, 430 Fed. Appx. 86, 87 (3d Cir. 2011).  To date, the Court of Appeals for the Third Circuit has recognized only one situation in which § 2255's remedy has been deemed "inadequate or ineffective": when a prisoner "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate."  *In re Dorsainvil*, 119 F.3d 245, 251 (3d Cir. 1997).  In other words, "in the unusual situation where an intervening change in statutory interpretation runs the risk that an individual was convicted of conduct that is not a crime, and that change in the law applies retroactively in cases on collateral review," a petitioner "may seek another round of post-conviction review under § 2241."  *Bruce v. Warden Lewisburg USP*, 868 F.3d 170, 179 (3d Cir. 2017).

      To rely on the *Dorsenvail* exception, a petitioner must satisfy two conditions. "First, [the] prisoner must assert a claim of actual innocence on the theory that he is being detained for conduct that has subsequently been rendered non-criminal by an intervening Supreme Court decision and our own precedent construing an intervening Supreme Court decision – in other words, when there is a change in statutory caselaw that applies retroactively in cases on collateral review."  *Bruce*, 868 F.3d at 180 (internal quotations omitted).  "[S]econd, the prisoner must be 'otherwise barred from challenging the legality of the conviction under § 2255.'" *Id.* (quoting *U.S. v. Tyler*, 732 F.3d 241, 246 (3d Cir. 2013)).

      In the instant case, Petitioner has made no attempt to satisfy either of these conditions. As to the first, Petitioner does not claim that he was convicted of conduct that was subsequently decriminalized by a change in the law.  Rather, he argues that he is factually innocent of the

underlying federal charges simply because he was later acquitted of similar charges in state court. Because this argument does not involve "a change in statutory caselaw that applies retroactively in cases on collateral review," *Bruce*, 868 F.3d at 180, it is not cognizable in a § 2241 petition. *See Viola*, 753 Fed. Appx. at 123 (rejecting Petitioner's prior attempt to raise this same claim because "there has been no intervening change in any substantive law which would render Viola's wire fraud no longer criminal.").

Nor can Petitioner demonstrate that he is "otherwise barred from challenging the legality of the conviction under § 2255." *Bruce*, 868 F.3d at 180. Although Petitioner previously raised this same argument in an unsuccessful § 2255 motion, and cannot file another without obtaining permission from the Court of Appeals for the Sixth Circuit, "[i]t is the inefficacy of the remedy, not the personal inability to use it, that is determinative." *Viola*, 753 Fed. Appx. at 123. In other words, the remedy provided by § 2255 is not inadequate or ineffective "merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255." *Id*. (quoting source omitted). Thus, the dismissal of Petitioner's prior § 2255 motion "does not demonstrate that such a motion was 'inadequate or ineffective' but rather that Viola's arguments were without merit." *Id*.

Based on the foregoing, Petitioner has failed to demonstrate that his claim falls within the narrow *Dorsenvail* exception or that the remedy provided by § 2255 would otherwise be inadequate or ineffective. Accordingly, his second claim for relief must be dismissed for lack of jurisdiction.

IV.     Conclusion

For the foregoing reasons, Petitioner's petition for a writ of habeas corpus is dismissed for lack of jurisdiction.³ The Clerk is directed to mark this case closed.⁴

_____
RICHARD A. LANZILLO
United States Magistrate Judge

Dated: March 19, 2021

---

³ Because "[f]ederal prisoner appeals from the denial of a habeas corpus proceeding are not governed by the certificate of appealability requirement," the Court need not make a certificate of appealability determination in this matter. *Williams v. McKean*, 2019 WL 1118057, at *5 n. 6 (W.D. Pa. Mar. 11, 2019) (citing *United States v. Cepero*, 224 F.3d 256, 264-65 (3d Cir. 2000), abrogated on other grounds by *Gonzalez v. Thaler*, 565 U.S. 134 (2012)); 28 U.S.C. § 2253(c)(1)(B).

⁴ Given this disposition, Petitioner's "Motion to Suspend Execution of Federal Prison Sentence" [ECF No. 19] is denied as moot.